SCHOONOVER, Chief Judge.
The appellant, Hugene Chapman, challenges the judgment and sentence imposed upon him after he pled nolo contendere to a charge of welfare fraud and reserved the right to appeal the denial of his motion for discharge. We reverse.
On January 15, 1986, the state filed an information charging the appellant with welfare fraud allegedly committed between February 27, 1984, and January 31, 1985. A capias for the appellant’s arrest was issued on January 15, 1986, but not served until January 23, 1989.
The appellant filed a motion to dismiss the charge against him on the ground that the prosecution was prohibited by section 775.15(2)(b), Florida Statutes (1983). Evidence submitted at the hearing on the appellant's motion indicated that the sheriff's office made an attempt to serve the capias a week after it was issued. The deputy was unable to locate the appellant at the address listed on the capias. The address which turned out to be incorrect had apparently been furnished by the Department of Health and Rehabilitative Services (HRS). The sheriff’s office also checked with the postal authorities, the telephone company, and the electric company to try to ascertain the appellant’s whereabouts. The capias was filed as unservable within sixty days of its issuance.
At the conclusion of the hearing, the trial court denied the appellant’s motion to dismiss. The appellant then entered a plea of nolo contendere and reserved the right to appeal the denial of his motion. The trial court accepted the plea, withheld adjudication of guilt, placed the appellant on one year’s probation, and ordered restitution. The appellant filed a timely notice of appeal.
Section 775.15(2)(b) requires the state to commence a prosecution for a third degree felony within three years of the offense. A prosecution is commenced by filing an information only if the capias issued as a result of that information is executed without unreasonable delay. § 775.15(5). In this case the information was filed within the three year period, but the capias was not executed without unreasonable delay.
In determining what is reasonable, the inability to locate a defendant after a diligent search, or the defendant’s absence from the state must be considered. § 775.15(5). The state does not contend that the appellant was absent from the state but does contend that it performed a diligent search. We disagree. Although the sheriff’s department performed routine checks often associated with a diligent inquiry, it did not follow up on the results of those inquiries.
The address on the capias was provided by the complainant, HRS. • This address was incorrect, the appellant lived on the next block. No one contacted HRS or the state attorney’s office to verify the address or determine if another address was available. The appellant testified at the hearing on his motion that he was receiving welfare payments from HRS during some of this period of time.
In response to the inquiry made to the postal authorities, the sheriff’s office was informed that one of the employees had personal knowledge of the appellant and his family. The appellant testified that he had the same post office box address for twenty years. No one contacted the postal employee to determine the nature of any information he had. The inquiries of the utility companies indicated an out of date address, but the sheriff’s office could not establish that it followed up to see if a current address was available.
The single attempt to serve the capias and the failure to follow up the leads on the appellant’s whereabouts did not constitute a diligent search. The delay in executing the capias was therefore unreasonable and did not toll the statute of limitations. See Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989); Sherley v. State, 538 So.2d 148 (Fla. 5th DCA 1989).
*997 We, accordingly, reverse and remand with instructions to discharge the appellant m this case.
Reversed and remanded.
SCHEB and DANAHY, JJ., concur.