655 So.2d 1239 (1995)
Cecil COLEMAN, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-772.
District Court of Appeal of Florida, First District.
May 25, 1995.
Nancy A. Daniels, Public Defender; David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Patrick Martin, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant challenges the judgment and sentence imposed upon him after he pled nolo contendere to trespassing and reserved the right to appeal the denial of his motion to dismiss. We reverse.
In May 1990, an information was filed charging grand theft and trespassing which offenses were alleged to have occurred in November 1989. Although timely issued, the capias was not executed until March 1993, long after the applicable two-year limitations period had expired.
Section 775.15(2)(c), Florida Statutes (1989), requires that the state commence prosecution for a first degree misdemeanor (e.g., trespassing) within 2 years of the offense. A prosecution is deemed commenced, however, at the time the information is filed, provided the capias issued on the information is executed without "unreasonable delay." An inability to locate the defendant despite a diligent search shall be considered in determining whether a delay is reasonable. § 775.15(5), Fla. Stat. (1989).
In the instant case, the extent of the state's efforts to serve the appellant consisted of an unsuccessful mailing that was returned because appellant had moved without leaving a forwarding address. In Chapman v. State, 581 So.2d 995 (Fla. 2d DCA 1991), a similar, but more extensive search was found not to be diligent and thus, the delay in executing the capias was deemed unreasonable. In Chapman, the state inquired of postal authorities and utility companies in an effort to locate the defendant after its initial attempted service failed due to an incorrect address. The appellate court concluded that the state's failure to pursue the leads uncovered in its subsequent inquiries rendered the search insufficient. See State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994) (to establish a diligent search the state must check obvious sources of information and then pursue any leads uncovered in its inquiries).
The appellee argues that the instant case is unlike Chapman because, here, the state did not fail to pursue promising leads. By this argument the appellee overlooks the fact that the complete absence of a search, diligent or otherwise, precluded the discovery of leads in this case. In short, the state failed to establish a diligent search, and the delay in executing the capias was therefore unreasonable. Consequently, the applicable limitations period expired before the prosecution commenced.
We reverse and remand with instructions to discharge the appellant.
ERVIN, MINER and BENTON, JJ., concur.