PER CURIAM.
Bradley McNeil appeals the trial court’s denial of his motion to dismiss a grand theft charge as barred by the statute of limitations. For the following reasons, we reverse.
On November 80, 1982, the state filed an information charging defendant, Bradley McNeil, with one count of grand theft. A supporting affidavit alleged that the victim had three weeks earlier rented a car listing himself as the principal driver and defendant as a co-driver. The victim agreed to rent the car for defendant who did not have a credit card. Defendant agreed to return the car on November 17. When defendant failed to return with the car, the victim discovered that the telephone number defendant had given him was for a phone booth and that defendant did not live at the address he had provided. A capias was issued for defendant’s arrest. A detective verified that defendant did not live at the address he had provided. No other efforts to execute the capias were undertaken until twelve years later, on March 15, 1995, when defendant was arrested on an unrelated charge and the outstanding warrant was discovered.
Defendant moved to dismiss the grand theft charge claiming that the three-year statute of limitations deprived the court of jurisdiction. The trial court erred in denying defendant’s motion to dismiss. Section 775.15(2)(b), Florida Statutes (1981), provides that prosecution of a non-capital, non-life felony such as grand theft must be commenced within three years of the alleged offense. Subsection (5) provides that
[a] prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or defendant’s absence from the state shall be considered.
Thus, the reasonableness of the delay in serving a capias may be determined in light of a defendant’s efforts to elude prosecution. However, when, as here, the state offers no evidence that it made any effort to locate defendant — such as checking obvious sources like telephone directories — the search has not been diligent and the delay cannot be held sufficiently reasonable.[1] See State v. Fields, 505 So.2d 1336 (Fla.1987) (service of warrant more than three years and seven months after execution and information filing constituted unreasonable delay); Coleman v. State, 655 So.2d 1239 (Fla. 1st DCA 1995) (delay unreasonable where state’s efforts to serve capias consisted only of unsuccessful mailing); State v. Mack, 637 So.2d 18, 19 (Fla. 4th DCA 1994) (“[T]he state must check obvious sources of information and follow-up any leads to establish a diligent search.”); Wright v. State, 600 So.2d 1248 (Fla. 5th DCA 1992) (single visit and single letter to defendant’s house not diligent search); Chapman v. State, 581 So.2d 995 (Fla. 2d DCA 1991) (only one attempt to serve capias insufficient). Compare Currie v. State, 605 So.2d 971 (Fla. 3d DCA 1992) (two-year delay between filing information for escape and *127 the service of capias upon defendant’s recapture not unreasonable where state presented evidence on defendant’s intentional and successful elusion of state custody).
Reversed.

. Section 775.15(6) provides that the "period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.” We need not pass on the applicability of this provision here because a three-year extension of the limitations period to six years would not cure the untimely service of the capias after twelve years.