(65 P.3d 217)
No. 87,690

STATE OF KANSAS, *Appellee*, v. JAVIER DOZAL, *Appellant*.

Opinion filed March 21, 2003.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*R. Lee McGowan*, deputy county attorney, *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., WAHL, S.J., and PADDOCK, S.J.

WAHL, J.: Javier Dozal appeals from the district court's denial of his motion to dismiss criminal charges based on the State's failure to prosecute within the 2-year statute of limitations.

The Garden City Police Department conducted controlled buys of cocaine from Javier Dozal at his residence on July 21, 1998, and August 4, 1998. The State filed charges against Dozal on March 24, 1999. On September 29, 1999, these charges were dismissed by the State to relinquish jurisdiction to the federal courts.

On July 20, 2000, the State again filed charges against Dozal for the acts that took place on July 21, 1998, and August 4, 1998. The complaint/information charged Dozal with two counts of selling cocaine under K.S.A. 65-4161 and two counts of possessing cocaine without having a drug tax stamp as required under K.S.A. 79-5204 and K.S.A. 79-5208. A warrant was issued for the arrest of Dozal on July 20, 2000. The warrant listed the address of Dozal as 910

Ponderosa, Garden City, Kansas, which is the same location where the controlled buys charged in the complaint took place.

On July 26, 2000, the Finney County Sheriff's Department sent a letter by first-class mail to Dozal notifying him of the warrant and giving him 10 days to turn himself in. The letter was not returned to the sheriff's department, and Dozal claims he never received it. It cannot be traced. It does not appear that any officer from the sheriff's department went to Dozal's residence in an attempt to serve the warrant. After the sheriff's department did not receive a response to the letter, it performed an employment check to find that Dozal was not gainfully employed in Kansas. Dozal claims he remained employed during this time at the same place he had been working prior to July 20, 2000. On September 6, 2000, the sheriff's department entered the warrant on Dozal into the NCIC records system upon authorization from the county attorney's office. Dozal was served with the warrant on October 12, 2000.

Prior to trial, Dozal filed a motion to dismiss, alleging the State did not serve the warrant within a reasonable amount of time and that this resulted in a violation of the statute of limitations. The trial court ruled there was not an unreasonable delay in this case and denied the motion to dismiss. Dozal was convicted of one count of selling cocaine under K.S.A. 65-4161 and one count of possessing cocaine without an appropriate drug tax stamp under K.S.A. 79-5208. Both counts stem from the events that occurred on August 4, 1998. The other two counts involving the events that occurred on July 21, 1998, were dismissed for insufficient evidence. Dozal timely appeals.

The standard of review in this case is de novo. See *State v. Washington*, 12 Kan. App. 2d 634, 752 P.2d 1084, *rev. denied* 243 Kan. 781 (1988). The court in *Washington* dealt with a case that is similar to the present case. Although the court in *Washington* did not specifically state the standard of review, the court used a de novo review. See *In re Clyne, Petitioner*, 52 Kan. 441, 35 Pac. 23 (1893). Generally, a de novo standard of review should not be used when oral testimony is heard by the trial court. *Bell v. Tilton*, 234 Kan. 461, 468, 674 P.2d 468 (1983). However, de novo review is appro-

priate when oral testimony is taken if no conflicting evidence is presented to the trial court. *Giblin v. Giblin,* 253 Kan. 240, 253, 854 P.2d 816 (1993). In *Washington,* the material facts were undisputed. In this case, oral testimony was taken of several people, but no material facts are disputed. Therefore, the standard of review is de novo.

Kansas law requires the State to commence prosecution of Dozal for the crimes with which he was charged within 2 years after he was alleged to have committed the crimes. K.S.A. 1998 Supp. 21-3106(7). K.S.A. 1998 Supp. 21-3106(10) explains when a prosecution is commenced by stating:

"A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay."

The question in the current case is whether the time that elapsed between when the warrant was issued and when the warrant was executed constituted an unreasonable delay. If there was an unreasonable delay in the present case, then the time of the delay must be included when determining whether the State commenced prosecution within the statute of limitations. *Washington,* 12 Kan. App. 2d at 637. In this case, 84 days had elapsed between the time the warrant was issued on July 20, 2000, and the time it was executed on October 12, 2000.

The most recent case in Kansas to examine what constitutes an unreasonable delay is *Washington,* wherein the defendant was convicted of two counts of forgery. The defendant complained that the trial court erred in not granting his motion to dismiss because the State did not commence prosecution within the 2-year statute of limitations. The court in *Washington* examined whether an approximate 30-month delay between the time the warrant was issued and executed constituted an unreasonable delay. The court took note that during the first 2 months, the State made four attempts to serve the warrant, searched the defendant's apartment, knocked on doors near the apartment, and submitted the defendant's name to a computer search without gaining any new infor-

mation. The court appeared to be satisfied that the initial 2-month delay was reasonable. The court also examined the fact that no further attempts were made by the State to serve the warrant for the next 28 months until the defendant was arrested on another charge. The court found that the 28-month delay without making any attempt to serve the warrant constituted an unreasonable delay. The court reversed the trial court's decision and set aside the defendant's convictions. 12 Kan. App. 2d at 637.

The other Kansas case similar to the present case is *Clyne*, 52 Kan. 441. The defendant was charged with burglary, conspiracy, and larceny. After the defendant was discharged due to lack of probable guilt, the State refiled charges against the defendant. The arrest warrant was immediately issued. At the time the warrant was issued, the county attorney believed the defendant was out of the state and told the sheriff not to serve the warrant until the county attorney saw the defendant again. It also appeared the county attorney was attempting to delay service of the warrant until he could gather more evidence. Nearly 5 months passed after issuance before the warrant was served. Additionally, the defendant remained in the county during the entire time of the delay, and the sheriff saw the defendant several times during the delay. The court stated:

"We think the better rule is, that the complaint must be filed and the warrant issued within the period limited by the statute; that it must be issued in good faith, and with the intention that it be presently served, and that the officer must proceed to execute it according to its command; that he must make the arrest within a reasonable time, and at the first reasonable opportunity offered him. Neither the county attorney nor the sheriff, nor both together, can, by any voluntary act, or by any neglect of official duty, extend the limit of the law." 52 Kan. at 448.

The rationales of *Washington* and *Clyne* are relevant to this case. The record indicates that during the 84-day time period between the issuing of the warrant and the serving of the warrant, the State did not attempt to serve the warrant on Dozal. He did not leave the county during the time period in question. He resided in the same place within the county during the period in question as he did when the controlled buys took place. Dozal claims he had numerous contacts with law enforcement officers during the period

in question which occurred in the bar where he worked. There was no evidence to indicate the officers knew his full name or if they had any knowledge a warrant had been issued.

The sheriff's mailing of a letter to a defendant requesting that he or she drop by the sheriff's office to be arrested cannot be held to be a bona fide effort to serve a warrant.

The trial court considered whether Dozal experienced prejudice due to the delay. Neither the court in *Washington* nor any other authority cited to us has held that prejudice is a factor to consider when determining whether a delay is unreasonable.

Under the circumstances of this case, we hold the 84-day delay in serving the warrant was unreasonable.

The State has also made an argument that this court does not have jurisdiction because Dozal's notice of appeal does not state he is appealing the motion to dismiss. Dozal's notice of appeal states that he "appeals from the sentence herein to the Kansas Court of Appeals." Dozal's notice of appeal is sufficient to confer jurisdiction on this court regarding the issue presented. *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000); see *State v. Boyd*, 268 Kan. 600, 999 P.2d 265 (2000).

In *Wilkins*, the court held a notice of appeal that stated the party was appealing from the "judgment of sentence" was sufficient to confer jurisdiction for an appeal on the substantive issues relating to the guilt of the crime charged in the case. 269 Kan. at 270.

The court held:

"Given that the notice of appeal 'should not be overly technical or detailed'; that the 'State does not generally take any significant action when receiving a notice of appeal'; that the typographical error in this case 'does not harm or even affect the State in any appreciable way'; that the State has not shown surprise or prejudice; that this court is to construe K.S.A. 60-2103(b) liberally to assure justice in every proceeding; and that actions should be just, speedy, and inexpensively determined, we hold that the 'judgment of sentence' language found in Wilkins' notice of appeal sufficiently conferred jurisdiction on the Court of Appeals to determine the substantive issues raised in the robbery case." 269 Kan. at 270.

The factors applied in *Wilkins* are equally applicable to this case. The State has not shown any surprise or prejudice. Therefore, the

Dozal notice of appeal is sufficient to confer jurisdiction on this court.

The judgment of the trial court is reversed, and the case is remanded to the trial court to dismiss the charges against the appellant.