RONALD THOMPSON *v.* COMMISSIONER
OF CORRECTION
(SC 17559)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued September 19—officially released November 21, 2006

*H. Owen Chace*, special public defender, for the appellant (petitioner).

*Melissa Streeto Brechlin*, assistant state's attorney, with whom, on the brief, were *Scott Murphy*, state's attorney, and *Angela Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ronald Thompson, appeals from the judgment of the Appellate Court affirming in part the judgment of the habeas court, which denied his petition for a writ of habeas corpus.[1] *Thompson* v. *Commissioner of Correction*, 91 Conn. App. 205, 207, 880 A.2d 965 (2005). The Appellate Court concluded that the habeas court properly had determined that the petitioner had not met his burden of proving that his trial attorney had been ineffective in her representation of him with regard to her attempts

---

[1] The amended petition for a writ of habeas corpus challenged the petitioner's two convictions for failure to appear pursuant to General Statutes § 53a-172, which provides: "(a) A person is guilty of failure to appear in the first degree when (1) while charged with the commission of a felony and while out on bail or released under other procedure of law, he wilfully fails to appear when legally called according to the terms of his bail bond or promise to appear, or (2) while on probation for conviction of a felony, he wilfully fails to appear when legally called for a violation of probation hearing.

"(b) Failure to appear in the first degree is a class D felony."

to notify him of a March 6, 2000 trial date. Id., 217–20. The Appellate Court further concluded that the petitioner had failed to establish by clear and convincing evidence that he was actually innocent of the charge of failure to appear on March 6, 2000. Id., 220–22.[2] We granted the petitioner's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the habeas court's conclusion that the petitioner had not established ineffective assistance of counsel regarding his conviction for failure to appear in connection with the March 6, 2000 appearance?" *Thompson* v. *Commissioner of Correction*, 276 Conn. 920, 888 A.2d 89 (2005). This certified appeal followed.

The petitioner claims that the Appellate Court improperly affirmed the habeas court's determination that his trial attorney's actions had not constituted ineffective assistance of counsel and that he had failed to establish actual innocence by clear and convincing evidence. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[2] The Appellate Court also concluded that the petitioner had received ineffective assistance of counsel leading to his conviction for failure to appear on March 2, 1989. *Thompson* v. *Commissioner of Correction*, supra, 91 Conn. App. 210–16. Accordingly, the Appellate Court reversed in part the judgment of the habeas court and remanded the case with direction to render judgment granting the petition as to one count of failure to appear in the first degree. Id., 222. This court subsequently denied the conditional cross petition for certification to appeal filed by the respondent, the commissioner of correction, in which the respondent sought to challenge the Appellate Court's partial reversal of the judgment if the petitioner's petition for certification to appeal to this court were granted. *Thompson* v. *Commissioner of Correction*, 276 Conn. 921, 888 A.2d 89 (2005).