STATE OF CONNECTICUT *v.* LAURA WOODTKE
(AC 32487)

Gruendel, Robinson and West, Js.

Argued May 25—officially released August 23, 2011

*Jennifer Mellon,* deputy assistant public defender, for the appellant (defendant).

*Emily Graner Sexton,* special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Judith Dicine,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, Laura Woodtke, appeals from the judgment of conviction, rendered following her conditional plea of nolo contendere, of criminal damage to a landlord's property in the second degree in violation of General Statutes § 53a-117f.[1] On appeal, the defendant claims that the trial court improperly denied her motion to dismiss because her prosecution was time barred by the statute of limitations set forth in General Statutes (Rev. to 2005) § 54-193.[2] We agree and, accordingly, reverse the judgment of the trial court.

[1] General Statutes § 53a-117f (a) provides in relevant part: "A tenant is guilty of criminal damage of a landlord's property in the second degree when, having no reasonable ground to believe that a tenant has a right to do so, such tenant (1) intentionally damages the tangible property of the landlord of the premises in an amount exceeding two hundred fifty dollars, or (2) recklessly damages the tangible property of the landlord of the premises in an amount exceeding one thousand five hundred dollars. . . .

"(d) Criminal damage of a landlord's property in the second degree is a class A misdemeanor."

[2] General Statutes (Rev. to 2005) § 54-193 was amended by No. 10-180 of the 2010 Public Acts. Subdivision (b) has been amended and separated into subsections (b) and (c); however the substance of those provisions has remained similar. Section 54-193 (c) as amended now reads: "No person may be prosecuted for any offense, other than an offense set forth in subsec-

The following facts and procedural history are relevant to the resolution of the defendant's claim. On August 8, 2006, New Haven police responded to allegations of vandalism to a rental property. On September 15, 2006, an arrest warrant was issued for the defendant for the charge of criminal damage to a landlord's property in the second degree.[3] Lieutenant Raymond Hassett of the New Haven police department served the warrant on July 16, 2009, two years and ten months after the warrant initially was issued, after he discovered it when he checked the defendant's name in connection with an unrelated incident.

By motion dated October 29, 2009, the defendant sought to dismiss the matter based on the delay between the issuance and the service of the arrest warrant. The defendant argued that the warrant was executed with unreasonable delay and a lack of due diligence so that prosecution of the defendant violated § 54-193, the due process clause of the fourteenth amendment to the

tion (a) or (b) of this section, except within one year next after the offense has been committed." The amendment, however, is not to be applied retroactively in this case. Public Acts 2010, No. 10-180, § 6. Thus, we refer to the 2005 revision of the statute, which was in effect on August 6, 2006, when the offense at issue allegedly occurred: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, except within one year next after the offense has been committed." General Statutes (Rev. to 2005) § 54-193 (b).

[3] The arrest warrant affidavit and the warrant data sheet indicate that the warrant initially was sought for criminal damage to landlord's property in the first degree in violation of General Statutes § 53a-117e. On the information sheet, however, the first degree portion of the count is crossed out and "second degree" is written above, and § 53a-117e is changed to § 53a-117f. Both changes were signed and initialed by the state's attorney on September 13, 2006. After reviewing the record and the hearing transcript, it is clear that the warrant was actually issued for criminal damage to a landlord's property in the second degree.

United States constitution, and article first, § 8, of the Connecticut constitution.

On February 5, 2010, following an evidentiary hearing, the court denied the defendant's motion to dismiss. In its memorandum of decision, the court determined that the "defendant lived openly in the city of New Haven during the relevant time period, making no attempts to consciously elude service of the warrant." The court noted that the fact that the defendant did not consciously elude authorities militated in favor of dismissal of the action. The court, however, also found that the New Haven police department's warrant unit had been phased out several years ago, leaving the primary means of locating individuals with outstanding warrants to be identification checks during traffic stops or investigation of unrelated criminal activities. Thereafter, the court determined that although the delay in executing the warrant may have been unreasonable in a small community where the defendant did not consciously elude the authorities, New Haven is a large urban area with critical issues to attend to that take precedence over locating subjects of warrants for misdemeanors. Ultimately, the court concluded that the delay of service of the arrest warrant was not unreasonable and denied the motion to dismiss. The court did not address whether the defendant's rights under the United States constitution or the Connecticut constitution had been violated.

On May 20, 2010, the defendant entered a plea of nolo contendere, conditioned on her right to appeal from the court's denial of her motion to dismiss pursuant to General Statutes § 54-94a.[4] The court accepted

---

[4] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such . . . motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be

the plea and determined that the motion was dispositive of the case. The defendant was sentenced to one year incarceration, execution suspended, and two years of probation. The defendant was also ordered to pay $917 in restitution to the victim. This appeal followed.

The defendant claims that the court improperly denied her motion to dismiss because her prosecution was time barred by the statute of limitations set forth in § 54-193.[5] In making this claim, the defendant concedes that the arrest warrant was issued within the applicable limitations period. She argues, however, that the statute of limitations was not tolled, and thus the prosecution was time barred, because the arrest warrant was executed with unreasonable delay after the limitations period had expired. We agree.

We begin by setting forth the applicable standard of review. "Our standard of review of a trial court's . . . conclusions of law in connection with a motion to dismiss is well settled. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Soldi*, 92 Conn. App. 849, 852–53, 887 A.2d 436, cert. denied, 277 Conn. 913, 895 A.2d 792 (2006).

Section 54-193 (b) provides in relevant part that an individual may be prosecuted for a misdemeanor only if prosecution commences within one year after the offense was committed. The offense of criminal damage

limited to whether it was proper for the court to have denied . . . the motion to dismiss. . . ."

[5] We note that on appeal, the defendant did not contend that the delay between the issuance and service of the arrest warrant violated her right to due process.

of a landlord's property in the second degree is a misde-meanor; General Statutes § 53a-117f (d); and thus § 54-193 (b) applies. In the present case, the police were notified of the alleged vandalism on August 8, 2006, and an arrest warrant for the defendant was issued on September 15, 2006. The warrant was not served on the defendant until July 16, 2009, two years and ten months after the warrant was initially issued. The question then, is whether the statute of limitations under § 54-193 (b) tolled after the warrant was issued on September 15, 2006, so that the state was not time barred from prose-cuting the defendant two years and ten months after the warrant was issued.

In *State* v. *Crawford*, 202 Conn. 443, 450, 521 A.2d 1034 (1987), our Supreme Court explained that "[w]hen an arrest warrant has been issued, and the prosecutorial official has promptly delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution and to set in motion the machin-ery that will provide notice to the accused of the charges against him. When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the stat-ute of limitations is tolled. . . . An accused should not be rewarded, absent evidence of a lack of due diligence on the part of the officer charged with executing the warrant, for managing to avoid apprehension to a point in time beyond the period of limitation." (Citation omitted.)

The *Crawford* court, however, noted that there must be some limit as to the time in which an arrest warrant may be executed so as to protect a defendant from a stale prosecution. Id. The *Crawford* court adopted the approach of the Model Penal Code and concluded that "in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations of § 54-193 (b), must be executed without unreasonable delay.

. . . We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to toll the statute of limitations." (Citations omitted.) Id., 450–51. Therefore, the issuance of an arrest warrant within the statute of limitations will effectively toll the statute of limitations, even if the warrant is not executed within that time frame, provided that the warrant is executed without unreasonable delay. See, e.g., *State* v. *Jennings*, 101 Conn. App. 810, 818, 928 A.2d 541 (2007).

A statute of limitations claim is an affirmative defense for which the burden rests with the defendant to prove the elements of the defense by a preponderance of the evidence. *State* v. *Crawford*, supra, 202 Conn. 451; see also *State* v. *Ali*, 233 Conn. 403, 416, 660 A.2d 337 (1995). Despite this, "once a defendant puts forth evidence to suggest that she was not elusive, was available and was readily approachable, the burden shifts to the state to prove that the delay in executing the warrant was not unreasonable." *State* v. *Soldi*, supra, 92 Conn. App. 857.

The state argues that to claim effectively a violation of § 54-193 (b), the defendant must also demonstrate that she suffered some type of prejudice or disadvantage. A prejudice requirement however is only necessary for a due process claim, not a statute of limitations claim. "Connecticut courts consistently have considered only two events when ruling on whether a defendant may successfully raise the statute of limitations

as an affirmative defense: (1) the issuance of the warrant by a judicial authority; and (2) the execution or service of the warrant on the accused." *State* v. *Kruelski*, 41 Conn. App. 476, 480, 677 A.2d 951, cert. denied, 238 Conn. 903, 677 A.2d 1376 (1996). "An accused's primary protection from having to answer to stale criminal charges is the statute of limitations. . . . When it can be shown, however, that a delay has been intentional, and actual significant prejudice to the accused has thereby resulted, due process requires dismissal of the information. . . . Where a delay does not prejudice the accused, no balance need be struck between the cause and effect of delay. The statute of limitations, not the due process clause, defines the limits of protection in such cases." (Citations omitted.) *State* v. *Echols*, 170 Conn. 11, 16–17, 364 A.2d 225 (1975).

The defendant in this matter was not elusive and was available in New Haven during the time period in question. The court determined that it was "abundantly clear that the defendant lived openly in the city of New Haven during the relevant time period, making no attempts to consciously elude service of the warrant." As a result, the burden shifted to the state to demonstrate that the delay of two years and ten months was reasonable. In determining whether the state has met this burden, we must consider the factual circumstances of the particular case, including the actions of both the defendant and the state. See *State* v. *Crawford*, supra, 202 Conn. 450–51. To help determine if the state has met their burden, we look to other cases for guidance.

In *State* v. *Soldi*, supra, 92 Conn. App. 852, an arrest warrant was issued for the defendant in August, 1997; id., 853; after she violated a condition of her probation. Id., 851. When the probation officer's attempts to contact the defendant proved unsuccessful, he transferred the warrant to the West Haven police department. Id.

On January 28, 2003, the warrant was served on the defendant when she appeared in court on an unrelated charge. Id. The defendant filed a motion to dismiss, arguing that a five year delay in executing a parole violation warrant was unreasonable under the statute of limitations. Id. The court denied the defendant's motion to dismiss. Id.

On appeal, this court determined that the burden should have shifted to the state to demonstrate that the delay was reasonable after the defendant put forth evidence that she was living in West Haven for almost all of the five year period, she had utilities in her name, her daughter attended West Haven schools, and her driver's license and vehicle registration listed her addresses. Id., 854. The state, however, did not proffer any testimony explaining the five year delay in executing the warrant. As a result, without an explanation for the police department's delay, this court determined that the delay was not reasonable and reversed the denial of the motion to dismiss. Id., 860.

A review of the case law from other jurisdictions, while not binding, is also instructive. Courts in other jurisdictions also have found the delay between issuance and execution of the warrant to be unreasonable when authorities took minimal action to locate the subject of the arrest warrant. For example, in State v. Dozal, 31 Kan. App. 2d 344, 347–48, 65 P.3d 217 (2003), the court held that an eighty-four day delay between issuance and service of a warrant was unreasonable. The record indicated that during this period of delay, the state's only attempt at contacting the defendant was by a letter, which requested that the defendant stop by the sheriff's office to be arrested. Id., 348. The court concluded that this could not be considered a "bona fide effort to serve a warrant"; id.; particularly where the defendant did not leave the county and continually

resided at the same place during the period in question. Id., 347.

Similarly, in *Coleman* v. *State*, 655 So. 2d 1239 (Fla. App. 1995), the court concluded that a lapse of approximately two years and ten months between the issuance and execution of an arrest warrant for a first degree misdemeanor offense was unreasonable when the record revealed that the state's efforts to locate the defendant consisted solely of sending an unsuccessful mailing. The court stated that "the complete absence of a search, diligent or otherwise, precluded the discovery of leads in this case." Id. As a result, the court determined that the lapse in time between the issuance and execution of the arrest warrant was unreasonable. Id.

In contrast, other Connecticut cases have determined that a delay in executing an arrest warrant is not unreasonable when a defendant has relocated outside of the state. See, e.g., *Gonzalez* v. *Commissioner of Correction*, 122 Conn. App. 271, 999 A.2d 781 (in habeas corpus case alleging ineffective assistance of counsel, habeas court found that defendant would likely not succeed on motion to dismiss when he had relocated to Puerto Rico and authorities did not have his address), cert. denied, 298 Conn. 913, 4 A.3d 831 (2010); *Merriam* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-04-0004319 (May 25, 2007) (finding no unreasonable delay when defendant fled state after learning of victim's mother's intention to contact police and police continued in their effort to locate him), appeal dismissed, 111 Conn. App. 830, 960 A.2d 1115 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009); *State* v. *Tomczak*, Superior Court, judicial district of Tolland, Docket No. CR-9659766 (August 21, 1996) (17 Conn. L. Rptr. 478) (finding delay of nearly five years reasonable where defendant left Connecticut before

warrant issued and police continued to make efforts to locate defendant after he left state).

Part of the reasonableness inquiry includes determining whether the defendant may have been difficult to apprehend. See *State* v. *Crawford*, supra, 202 Conn. 451. Unlike the defendants in *Tomczak, Gonzalez* and *Merriam*, the defendant in the present case at no point attempted to elude service of the warrant by leaving the state. Rather, similar to the defendant in *Soldi*, the defendant continued to openly reside in her community during the two year and ten month delay. Thus, the difficulty of apprehending the defendant was not at issue in this case.

To evaluate unreasonable delay and due diligence, we must also consider the police department's actions in executing the warrant. See *State* v. *Soldi*, supra, 92 Conn. App. 854. In the present case, unlike the police in *Tomczak* and *Merriam*, the police did not diligently engage in any active search for the defendant. Instead, the police relied on checking names at traffic stops and during unrelated criminal investigations as the primary means of locating an individual subject to an arrest warrant. The facts, therefore, are more akin to *Soldi* and the cases cited from other jurisdictions where the police put forth minimal effort to locate the defendant. Although the police may have faced pressing matters that demanded their immediate attention during the period of delay, this alone will not fulfill the state's burden of showing reasonableness of delay and due diligence. There must be sufficient effort on the part of the police department to ensure that warrants are timely served, even for simple misdemeanors. The mere fact that a police department is "a very busy urban police department" is not enough for it to avoid its obligation to serve the warrants in a timely manner. Without a showing of the required effort on the part of

the New Haven police department to serve the defendant with the arrest warrant, the state cannot demonstrate that the delay of two years and ten months is reasonable in order to toll the statute of limitations under § 54-193 (b).

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to dismiss and to render judgment thereon.

In this opinion the other judges concurred.