******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JON SWEBILIUS
(AC 36924)

Alvord, Prescott and Schaller, Js.

*Argued April 7—officially released July 7, 2015*

(Appeal from Superior Court, judicial district of New Haven at Meriden, Scarpellino, J. [judgment]; S. Moore, J. [motion to dismiss])

*Daniel M. Erwin*, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James Dinnan*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Jon Swebilius, appeals from the judgment of conviction, rendered following his conditional plea of nolo contendere,[1] of possession of child pornography in the first degree in violation of General Statutes § 53a-196d (a) (1).[2] On appeal, the defendant claims that the trial court improperly denied his motion to dismiss because his prosecution was time barred by the statute of limitations set forth in General Statutes § 54-193 (b).[3] He claims that the delay in execution of the warrant for his arrest was unreasonable pursuant to *State* v. *Crawford*, 202 Conn. 443, 521 A.2d 1034 (1987). We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the defendant's claim. On May 28, 2008, the Connecticut State Police executed a search warrant at the Meriden Inn on room number 59, where the defendant was residing. The search resulted in police seizure of thirty-four computer related items, which were transported to the state forensic laboratory and submitted for forensic analysis. On April 2, 2013, the police received a report containing the findings of the forensic analysis. The report indicated that images and videos appearing to depict child pornography had been recovered from the items seized.[4] On May 9, 2013, police obtained a warrant for the defendant's arrest for possession of child pornography in the first degree in violation of § 53a-196d. The charged offense had a five year statute of limitations, expiring on May 28, 2013.[5] The defendant testified that he became aware, at some point after he believed the statute of limitations had expired, that a warrant had been issued for his arrest. He further testified that he had called the police and "told them that I discovered that I had been arrested or that there was a warrant for me. And after conversation, I said I will be in, I don't remember how many days later, and that I would turn myself in, which I did." The defendant turned himself into the Connecticut State Police on June 10, 2013.

By motion filed October 10, 2013, the defendant sought to dismiss the information, claiming that the statute of limitations had not been tolled because the state had failed to exercise due diligence in serving the warrant. In his motion, he argued that he had been available and had not taken elusive action during the time in which the warrant should have been served, and that nothing indicated that the state had made any meaningful effort to serve the warrant.

On February 10, 2014, following an evidentiary hearing, the court, *S. Moore, J.*, denied the defendant's motion to dismiss. In its memorandum of decision, the court found that the defendant, who lived at a home in Meriden that he had purchased in 2008, had not been elusive and had made no attempt to flee the state. The

court stated that "[t]herefore, the crux of the matter lies in a consideration of the reasonableness of the State Police's actions in executing the warrant . . . ." The court found that the arrest warrant had been issued on May 9, 2013 and was served on June 10, 2013, resulting in a thirty-one day period between issuance and service.[6] The court further found that the State Police had made no attempt to serve the warrant before June 10, 2013, and only had served the warrant on June 10 "upon the defendant surrendering himself at the police barracks." After discussing the relevant case law, the court concluded that the time period of thirty-one days between the issuance and the service of the warrant was not unreasonable. The court noted that the standard requires police to act reasonably and with due diligence in serving the warrant, not that they "act immediately upon receipt of a warrant."

Following the denial of his motion to dismiss, the defendant, on May 19, 2014, was sentenced by the court, *Scarpellino*, *J.*, to ten years incarceration, execution suspended after the mandatory minimum of five years, and ten years of probation with conditions including registration as a sex offender. This appeal followed. Additional facts will be set forth as necessary.

The defendant claims that the court improperly denied his motion to dismiss because his prosecution was time barred by the statute of limitations set forth in § 54-193 (b). The defendant argues that although the arrest warrant was issued within the applicable limitations period, the statute of limitations was not tolled because the arrest warrant was executed with unreasonable delay after the limitations period had expired.

We first set forth the applicable standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Derks*, 155 Conn. App. 87, 91, 108 A.3d 1157, cert. denied, 315 Conn. 930, 110 A.3d 432 (2015).

We next turn to the relevant law. A statute of limitations claim involving a delay in service of an arrest warrant is analyzed pursuant to the framework set forth by our Supreme Court in *State* v. *Crawford*, supra, 202 Conn. 443. In *Crawford*, the court stated that "[w]hen an arrest warrant has been issued, and the prosecutorial official has promptly delivered it to a proper officer for

service, he has done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him. When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute of limitations is tolled. . . . An accused should not be rewarded, absent evidence of a lack of due diligence on the part of the officer charged with executing the warrant, for managing to avoid apprehension to a point in time beyond the period of limitation.

"We recognize, however, that some limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions, a primary purpose of statutes of limitation. . . . Therefore, we adopt, what we think is the sensible approach of the [M]odel [P]enal [C]ode, and conclude that, in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations of § 54-193 (b), must be executed without unreasonable delay. . . . We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to toll the statute of limitations." (Citations omitted; footnote omitted.) Id., 450–51.

"A statute of limitations claim is an affirmative defense for which the burden rests with the defendant to prove the elements of the defense by a preponderance of the evidence." *State* v. *Woodtke*, 130 Conn. App. 734, 740, 25 A.3d 699 (2011). "[O]nce a defendant puts forth evidence to suggest that [he] was not elusive, was available and was readily approachable, [however] the burden shifts to the state to prove that the delay in executing the warrant was not unreasonable." *State* v. *Soldi*, 92 Conn. App. 849, 857, 887 A.2d 436, cert. denied, 277 Conn. 913, 895 A.2d 792 (2006).

In the present case, the court found that the defendant had satisfied his burden of demonstrating that he was not elusive, was available and was readily approachable, and the state does not challenge this finding on appeal. Thus, the issue on appeal is whether the state satisfied its burden of demonstrating that the period of thirty-one days between issuance and service of the warrant was reasonable.

Since our Supreme Court's decision in *Crawford*, our courts have consistently applied the unreasonable delay

standard to determine whether police exercised due diligence in serving an arrest warrant, thereby satisfying the statute of limitations, even though execution of the warrant occurred beyond the date the limitations period was to expire. Recently, in *State* v. *Woodtke*, supra, 130 Conn. App. 736, this court considered a period of two years and ten months between issuance and service of an arrest warrant for a misdemeanor offense. After concluding that the defendant had satisfied her burden of demonstrating that she had not been elusive, this court considered whether the state had subsequently met its burden to demonstrate that the delay was reasonable. Id., 741. In concluding that it had not been reasonable, the court took into account the police department's efforts to locate individuals with outstanding warrants, which primarily consisted of checking names during traffic stops and unrelated criminal investigations. Id., 744. The court held that despite "pressing matters that [may have] demanded [the police department's] immediate attention during the period of delay, this alone will not fulfill the state's burden of showing reasonableness of delay and due diligence." Id. Similarly, in *State* v. *Soldi*, supra, 92 Conn. App. 852, this court considered a period of approximately five years between issuance and service of a violation of probation warrant. After concluding that the defendant had met her burden of demonstrating that she had not been elusive, the court held that the state had failed to meet its burden, as it had offered no evidence to demonstrate that the five year delay was reasonable.[7] Id., 860.

In addition to *Woodtke* and *Soldi*, our courts have considered other cases involving extended delays amounting to years between the issuance and service of warrants. Most recently, in *State* v. *Derks*, supra, 155 Conn. App. 89 n.2, this court considered a period of approximately twelve years and eight months between the issuance and service of the warrant. Despite the lengthy delay, we concluded that the statute of limitations had been satisfied because the defendant initially had failed to meet his burden of demonstrating that he had not been elusive due to the fact that he had abruptly relocated to Colorado. Id., 94. Likewise, in *Gonzalez* v. *Commissioner of Correction*, 122 Conn. App. 271, 285–86, 999 A.2d 781, cert. denied, 298 Conn. 913, 4 A.3d 831 (2010), the burden of proof never shifted to the state to demonstrate that a more than five year delay in the execution of the warrant was reasonable where the petitioner had relocated to Puerto Rico within days of learning of sexual abuse allegations against him. Also, in *Thompson* v. *Commissioner of Correction*, 91 Conn. App. 205, 213, 880 A.2d 965 (2005), appeal dismissed, 280 Conn. 504, 909 A.2d 946 (2006), this court considered a nine year delay between issuance and execution of a warrant and determined that the petitioner's trial counsel had rendered ineffective assistance by failing to file a motion to dismiss on

this ground.

Only on one occasion has this court been presented with a time period as short as or shorter than the present one. In *State* v. *Kruelski*, 41 Conn. App. 476, 487, 677 A.2d 951, cert. denied, 238 Conn. 903, 677 A.2d 1376 (1996), an arrest warrant was served upon the defendant three days after its issuance and just one day following the date upon which the statute of limitations was set to expire. The court concluded "as a matter of law, that this one day delay was not an unreasonable delay vitiating the tolling of the statute of limitations." Id. Notably absent from the majority opinion was a discussion of the police department's actions during the three day period.[8]

The defendant argues in the present case that the court improperly made a per se determination of reasonableness in that it relied solely on the length of the delay.[9] He claims that this approach violated *Crawford*, in which our Supreme Court declined to "adopt a per se approach as to what period of time to execute an arrest warrant is reasonable" and instead held that "[a] reasonable period of time is a question of fact that will depend on the circumstances of each case." *State* v. *Crawford*, supra, 202 Conn. 451.

In evaluating unreasonable delay and due diligence, our courts have considered the state police's actions in serving the warrant. See, e.g., *State* v. *Woodtke*, supra, 130 Conn. App. 744. Each of the cases, however, have involved much longer periods of delay, with the exception of *State* v. *Kruelski*, supra, 41 Conn. App. 487, in which this court concluded as a matter of law that a one day delay was not unreasonable. Accordingly, although we recognize that *Crawford* provides that the "failure to execute an arrest warrant for even a short period of time might be unreasonable"; *State* v. *Crawford*, supra, 202 Conn. 451; we do not read that sentence as informing our decision in the present case.

The facts of the present case compel an analysis similar to that of the majority in *Kruelski* rather than the remainder of the cases addressing extended delays of years. In the present case, after issuance of the warrant, the state police took no affirmative action during the ensuing thirty-one day period to serve the warrant prior to the June 10, 2013 service upon the defendant when he surrendered himself as he had arranged at the state police headquarters. This period of inaction, however, was so brief that it does not require justification. Being that the delay was so short, evidence on behalf of the state as to the police department's actions within this window was not required. Accordingly, we conclude that the court properly determined that the thirty-one day period between the issuance and service of the warrant in the present case did not amount to unreasonable delay and properly denied the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant's plea was conditioned on his right to appeal from the denial of his motion to dismiss in accordance with General Statutes § 54-94a.

[2] General Statutes § 53a-196d (a) provides in relevant part: "A person is guilty of possessing child pornography in the first degree when such person knowingly possesses (1) fifty or more visual depictions of child pornography . . . ."

[3] General Statutes § 54-193 (b) provides: "No person may be prosecuted for any offense, other than an offense set forth in subsection (a) of this section, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed."

[4] In the arrest warrant affidavit, it was averred that 119 images and 30 videos appearing to depict child pornography had been recovered.

[5] See footnote 3 of this opinion.

[6] In his appellate brief, the defendant also represents the time period between the issuance and service of the warrant as thirty-one days. Although the state in its brief calculates the period as thirty-two days, neither party raises a challenge to the trial court's determination.

[7] See also *State* v. *Ali*, 233 Conn. 403, 416, 660 A.2d 337 (1995) (defendant was entitled to have the jury instructed on his affirmative defense on the basis of the statute of limitations, where two years had passed between issuance and execution of the arrest warrant).

[8] Although the defendant argues that in *Kruelski* "there was sufficient evidence in the record upon which to conclude the state carried its burden," the defendant also recognizes that "the [*Kruelski*] majority mentioned no other facts than [the time between issuance and service of the warrant] in reversing the trial court's dismissal . . . ." Although evidence was produced, the majority reached its conclusion as a matter of law. *State* v. *Kruelski*, supra, 41 Conn. App. 487. Accordingly, we read *Kruelski* as providing support for the proposition that a time period may be so brief that consideration of the police actions during such period is not required. We also note that the central issue in *Kruelski* was whether the *issuance* of the warrant or the *delivery* of the warrant to a proper officer for service constitutes the triggering event to determine whether the statute of limitations was tolled. Id.

[9] The defendant argues in his appellate brief that this court should not consider one of the factual findings, which originated in the defendant's motion to dismiss, that the trial court included in its memorandum of decision as a fact upon which the parties agree. The challenged portion of the court's memorandum states that "on May 31, 2013, [during] a telephone call, counsel for the defendant was informed that a warrant for the defendant's arrest had been issued." The trial court also referenced the telephone call by noting later in its memorandum of decision that the time period between issuance and service of the warrant "*could be seen*" as little as twenty-one days because the police inaction after the telephone call "*might be construed*" as a courtesy to counsel to allow the defendant to turn himself in on his own terms. (Emphasis added.) The court, however, clearly stated that "[t]his court cannot find that a period of time as small as thirty-one days would be considered unreasonable . . . ." Thus, although the court referenced the twenty-one day period, it decided the case on the basis of a thirty-one day period. We also reach our conclusion on the basis of a thirty-one day period.

We note, however, as we did in the section of this opinion setting forth the facts relevant to this appeal, that there was evidence presented at the hearing, in the form of the defendant's testimony, as to contact between the defendant and the police prior to the service of the warrant. At the hearing on the motion to dismiss, the defendant testified that at some point after he believed the statute of limitations had lapsed, he made a phone call to his attorney to inquire about return of the items seized by the police. He testified that either during that phone call with his attorney or shortly after he called the office, he learned that a warrant had been issued for his arrest. He stated that he called the police and told them that he had learned that a warrant had issued. He further testified: "And after conversation [with the police], I said I will be in, I don't remember how many days later, and that I would turn myself in, which I did."