******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* TERRY FREEMAN
## (AC 43014)

Bright, C. J., and Cradle and Alexander, Js.

*Syllabus*

Convicted, on a conditional plea of nolo contendere, of the crime of robbery in the first degree, the defendant appealed to this court, claiming that the trial court erred in denying his motion to dismiss because his prosecution was time barred by the applicable five year statute of limitations (§ 54-193 (b)). The warrant for the defendant's arrest had been obtained by the police two weeks before the expiration of the limitation period, however, it was not executed until seven days after the statute of limitations had expired. *Held* that the trial court properly denied the defendant's motion to dismiss: contrary to the defendant's claim, the trial court applied the correct legal test, as set forth in *State* v. *Swebilius* (325 Conn. 793), in determining whether the statute of limitations had been tolled; moreover, the trial court correctly determined that the state made reasonable efforts to serve the arrest warrant before the statute of limitations had expired and that the delay in the service of the warrant was reasonable, as the stipulated facts showed that, following the defendant's confession to the robbery, the state expeditiously prepared and obtained an arrest warrant and a writ of habeas corpus to transport the defendant, who was incarcerated at the time, to the Superior Court to serve him with the warrant before the expiration of the limitation period, and the fact that the defendant was not transported to the Superior Court and served with the warrant until seven days after the statute of limitations had expired did not undermine the reasonable efforts of the state; furthermore, the court properly based its decision, in part, on the state's assertion that the nine day delay from the signing of the writ of habeas to the transport of the defendant was not unusual given the logistical, practical and safety precautions associated with transporting a person from a correctional facility to a courthouse, as it was within the purview of the court to use its knowledge of the inner workings of the courts and the processes by which incarcerated persons are transported to the court in its determination of the state's efforts.

Argued September 14—officially released December 1, 2020

*Procedural History*

Information charging the defendant with the crimes of robbery in the first degree, conspiracy to commit robbery in the first degree, larceny in the fifth degree and criminal possession of a firearm, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Brown, J.*, denied the defendant's motion to dismiss; thereafter, the defendant was presented to the court, *Brown, J.*, on a conditional plea of nolo contendere to robbery in the first degree; judgment of guilty in accordance with the plea; subsequently, the state entered a nolle prosequi as to the charges of conspiracy to commit robbery in the first degree and criminal possession of a firearm; thereafter, the court dismissed the charge of larceny in the fifth degree, and the defendant appealed to this court. *Affirmed.*

*James E. Mortimer*, assigned counsel, for the appellant (defendant).

*Samantha L. Oden*, deputy assistant state's attorney, with whom, on the brief, were *Margaret E. Kelley*, state's attorney, and *Matthew Kalthoff*, assistant state's

attorney, for the appellee (state).

*Opinion*

ALEXANDER, J. The defendant, Terry Freeman, appeals from the judgment of conviction, rendered after his conditional plea of nolo contendere, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3). On appeal, the defendant claims that the trial court erred in denying his motion to dismiss, arguing that the prosecution was time barred by the five year statute of limitations set forth in General Statutes § 54-193 (b). We are not persuaded and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. On November 5, 2018, Jeffrey Gabianelli, a detective with the West Haven Police Department, received a letter from the defendant containing information about an armed robbery that had occurred at the Wine Press Liquor Store in West Haven on November 29, 2013. The next day, Gabianelli visited the defendant at the Carl Robinson Correctional Institution in Enfield where the defendant was incarcerated on unrelated charges.[1] The defendant confessed to Gabianelli as to his involvement in the November 29, 2013 robbery. On November 9, 2018, Gabianelli prepared an arrest warrant. On November 15, 2018, a Superior Court judge signed the warrant. On November 19, 2018, John Laychak, a West Haven police officer, obtained the signed warrant and submitted a request that the Office of the State's Attorney prepare an application for a writ of habeas corpus to transport the defendant to the Superior Court in the judicial district of Ansonia-Milford for service of the arrest warrant. On November 21, 2018, the Office of the State's Attorney prepared the application for a writ of habeas corpus requesting that the defendant be transported to the court on December 6, 2018. On November 27, 2018, a prosecutor and a clerk of the court signed the writ of habeas corpus. On December 6, 2018, the defendant was transported to the Superior Court where he was served with the arrest warrant.

Thereafter, the defendant filed a motion to dismiss, claiming that prosecution was barred due to the lapse of the five year statute of limitations set forth in § 54-193 (b).[2] The defendant argued that the statute of limitations had lapsed on November 29, 2018, five years after the robbery had occurred, and that the state had failed to proffer sufficient evidence to show that the delay in the execution of the arrest warrant until December 6, 2018, was reasonable.

The trial court denied the motion, finding that the state had offered "some evidence explaining why the delay was reasonable" and that the state acted "reasonably and diligently" in its preparation and execution of the warrant. The defendant thereafter entered a conditional plea of nolo contendere to the charge of robbery

in the first degree.[3] The court subsequently sentenced the defendant to a term of one year of imprisonment to be served consecutively to his current sentence.

On appeal, the defendant claims that the court erred in denying his motion to dismiss. He argues that the court misinterpreted and misapplied *State* v. *Crawford*, 202 Conn. 443, 521 A.2d 1034 (1987), and *State* v. *Swebilius*, 325 Conn. 793, 159 A.3d 1099 (2017). He further argues that the state failed to proffer sufficient evidence to demonstrate the reasonableness of the delay in service of the arrest warrant beyond the statute of limitations under these cases. We disagree.

We initially address the standard of review for a trial court's denial of a motion to dismiss. "Because a motion to dismiss effectively challenges the jurisdiction of the court, asserting that the state, as a matter of law and fact, cannot state a proper cause of action against the defendant, our review of the court's legal conclusions and resulting denial of the defendant's motion to dismiss is de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable legal standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Crosby*, 182 Conn. App. 373, 383, 190 A.3d 1, cert. denied, 330 Conn. 911, 193 A.3d 559 (2018).

In *State* v. *Crawford*, supra, 202 Conn. 444–45, the defendant moved to dismiss the information charging him with two misdemeanor offenses. Although the arrest warrant for the offenses was issued before the expiration of the one year statute of limitations, the warrant was not served on the defendant until more than two years after the offenses were committed. Id., 445. In affirming the trial court's denial of the defendant's motion to dismiss, our Supreme Court stated: "When an arrest warrant has been issued, and the prosecutorial official has promptly delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him. When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute of limitations is tolled." (Footnote omitted.) Id., 450. Nevertheless, the court held that, "in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations . . . must be executed without unreasonable delay." Id., 450–51. The court declined to adopt a per se approach to determining the reasonableness of the execution of an arrest warrant and explained that what constitutes a "reasonable period of time is a question of fact that

will depend on the circumstances of each case." Id., 451. The court stated: "If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to toll the statute of limitations." Id. Because there was an absence of evidence showing an unreasonable delay in service on the defendant, our Supreme Court affirmed the trial court's denial of the defendant's motion to dismiss. Id., 452.

In cases following *Crawford*, this court articulated a burden shifting framework where, "once a defendant puts forth evidence to suggest that [he or] she was not elusive, was available and was readily approachable, the burden shifts to the state to prove that the delay in executing the warrant was not unreasonable." *State* v. *Soldi*, 92 Conn. App. 849, 857, 887 A.2d 436, cert. denied, 277 Conn. 913, 895 A.2d 792 (2006); see also *State* v. *Woodtke*, 130 Conn. App. 734, 740, 25 A.3d 699 (2011).

In *State* v. *Swebilius*, supra, 325 Conn. 804, our Supreme Court expanded on *Crawford* and affirmed this burden shifting framework. The court concluded that, "if the defendant can demonstrate his availability during the statutory period, the state must make some effort to serve the arrest warrant before the relevant statute of limitations expires, or to offer some evidence explaining why its failure to do so was reasonable under the circumstances." Id., 814. Finding that the trial court had applied the wrong legal standard in concluding that the delay was reasonable based solely on the length of the delay, the court remanded the case for further proceedings for the state to have the opportunity "to demonstrate that it made reasonable efforts to execute the warrant before the expiration of the statute of limitations or to explain why its failure to do so was reasonable under the circumstances." Id., 815.

In the present case, the state conceded that the defendant satisfied his preliminary burden because the defendant was not elusive and was available for arrest throughout the relevant time period. We agree and conclude that the defendant has satisfied his burden. Thus, under *Swebilius*, the state then had the burden to show that, notwithstanding the defendant's availability, any delay in service of the warrant after the expiration of the statute of limitations was reasonable. See id., 807.

The defendant first argues that, as a result of the trial court's misinterpretation and misapplication of *Swebilius*, it erred in finding that the state had satisfied its burden. Specifically, he argues that the trial court implemented the wrong test when it relied on language in

*Swebilius* that "the state must make some effort to serve the arrest warrant before the relevant statute of limitations expires . . . ." Id., 814. He further argues that the proper test is that "[t]he state must make reasonable efforts to execute the warrant before the expiration of the statute of limitations or to explain why its failure to do so was reasonable under the circumstance."(Emphasis omitted; internal quotation marks omitted.) We are not persuaded.

In *Swebilius*, a search warrant was executed in May, 2008, and the police seized "thirty-four computer related items, which were submitted on the same day to the state forensic laboratory for analysis. The police did not receive the results of the forensic analysis until April 2, 2013, and another month elapsed before they secured a warrant for the defendant's arrest. The arrest warrant was issued on May 9, 2013, nineteen days before the expiration of the five year limitation period of General Statutes (Rev. to 2007) § 54-193 (b). A short time after the limitation period had expired, *the defendant* contacted the state police seeking the return of the property seized from his residence on May 28, 2008. As a result of this inquiry, the defendant learned about the warrant for his arrest, and, on June 10, 2013, he voluntarily surrendered to the state police." (Emphasis added; footnote omitted.) *State* v. *Swebilius*, supra, 325 Conn. 797. Therefore, there was a thirty-two day delay in the execution of the warrant. Id., 799 n.4. At the hearing on the defendant's motion to dismiss, the state proffered *no evidence* and instead argued that "the delay was not unreasonable because of its short duration . . . ." Id., 798. The trial court agreed. Id., 798–99. Our Supreme Court noted that the trial court had applied an incorrect legal standard by relying solely on the length of the delay in its ruling; id., 799 n.5 ("we do not believe that simply citing a period of time and stating that 'common sense' makes that period of time reasonable can, without more, render the trial court's determination one of fact"); and ordered that, "on remand, the state must be afforded the opportunity to demonstrate that it made reasonable efforts to execute the warrant before the expiration of the statute of limitations or to explain why its failure to do so was reasonable under the circumstances." Id., 815.

The court explained that the rationale behind its holding was to prevent the tolling of the statute of limitations where no effort is made by the state, stating: "[W]e agree with the drafters of § 1.06 (5) of the Model Penal Code that [i]t is undesirable . . . to toll the statute of limitations in instances [in which] the warrant is issued *but no effort is made to arrest a defendant whose whereabouts are known.*" (Emphasis added; footnote omitted; internal quotation marks omitted.) Id., 814. The court, acknowledging the boundaries of its holding, stated: "To be sure, our decision in the present case is not intended to impose an undue burden on the state.

We have concluded merely that, if the defendant can demonstrate his availability during the statutory period, the state must make some effort to serve the arrest warrant before the relevant statute of limitations expires, or to offer some evidence explaining why its failure to do so was reasonable under the circumstances." Id. Thus, proof of appropriate efforts by the state may constitute the requisite reasonableness to toll the statute of limitations.

*Swebilius*, however, does not qualify the efforts the state must show to satisfy its burden nor explain the degree of effort necessary. The court in *Swebilius* stated that, "on remand, the state must be afforded the opportunity to demonstrate that it made *reasonable efforts* to execute the warrant before the expiration of the statute of limitations or to explain why its failure to do so was reasonable under the circumstances." (Emphasis added.) Id., 815. This language is instructive as to what effort the state must demonstrate to satisfy its burden and is consistent with the dictates of *State* v. *Crawford*, supra, 202 Conn. 450–51 ("in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations . . . must be executed without unreasonable delay"). Thus, the state must prove that any delay in serving the warrant beyond the statute of limitations was reasonable. What efforts the state made to accomplish service and the reasons why service was not accomplished before the statute of limitations expired are necessary parts of the court's reasonableness analysis.

Prior decisions of this court also have utilized a similar reasonableness analysis. In *State* v. *Soldi*, supra, 92 Conn. App. 860, this court reversed the judgment of the trial court denying the defendant's motion to dismiss claiming that the prosecution was time barred because of unreasonable delay or lack of due diligence in executing the arrest warrant. An arrest warrant for a violation of probation had been issued in August, 1997, and was not executed until January 28, 2003, when the defendant appeared in court on unrelated charges. Id., 851. This court determined that the defendant had proffered sufficient evidence establishing that she was available for arrest during the relevant time, and, therefore, the burden shifted to the state to show why the delay in execution of the warrant was reasonable. Id., 860. Because the state "offered no evidence that the five year delay in the execution of the warrant was reasonable," this court concluded that the state had not met its burden and reversed the trial court's judgment denying the defendant's motion to dismiss. Id.

In *State* v. *Woodtke*, supra, 130 Conn. App. 736, the police had not executed an arrest warrant until two years and ten months after the warrant had been issued.[4] This court, applying *Crawford*, determined that the trial court's reliance on the fact that the New Haven

Police Department is "a very busy urban police department is not enough for [the state] to avoid its obligation to serve the warrants in a timely manner." (Internal quotation marks omitted.) Id., 744. This court stated: "Although the police may have faced pressing matters that demanded their immediate attention during the period of delay, this alone will not fulfill the state's burden of showing reasonableness of delay and due diligence. There must be sufficient effort on the part of the police department to ensure that warrants are timely served, even for simple misdemeanors." Id. Because there was no evidence proffered to show the actual efforts made by the police department to execute the warrant, this court determined that the state could not demonstrate that the delay was reasonable and reversed the judgment of the trial court and remanded the case with direction to grant the defendant's motion to dismiss. Id., 745.

In the present case, the defendant argues that the court applied the incorrect legal test because it focused on whether the state made "some effort" to serve the warrant and did not examine whether the state had proved that those efforts were reasonable. We disagree.

In its decision, the trial court began its analysis by stating that the "proper line of inquiry . . . once availability has been established, is whether the state made some effort to serve the warrant or, having failed to do so, whether the state offered some evidence explaining why its failure was reasonable." The court continued by focusing on the reasonableness of the delay in service, stating: "[T]he court is required to interrogate the facts to determine the factual basis for the delay and determine if said delay was reasonable. The defendant argued that the fact he was in custody during the limitation period essentially negates any argument for finding of reasonable delay. The court finds that it is required to conduct a review of the facts to determine what efforts, if any, [were] made by the state to serve the warrant, or whether there is some evidence explaining why its failure was reasonable." The court then considered whether the state presented evidence that its delay in service was reasonable, considering the facts of the case, and it concluded that the delay in the execution of the warrant was reasonable. Consequently, we conclude that the court applied the correct legal test as set forth by our Supreme Court in *Swebilius* and by this court in *Soldi* and *Woodtke*.

With this standard in mind, we address the defendant's next argument. The defendant argues that the state failed to proffer sufficient evidence to satisfy its burden under *Swebilius*. The state argues that the stipulated facts admitted into evidence show the requisite effort made by the state and the reasonableness in the delay in the execution of the arrest warrant. We agree with the state.

As indicated in the stipulated facts, there was a period of thirty-one days between Gabianelli's receipt of the defendant's letter on November 5, 2018, and the execution of the arrest warrant on December 6, 2018. Following the defendant's confession to Gabianelli, the state made continuous efforts to obtain a warrant and to facilitate the appropriate transportation of the defendant to the Superior Court for the execution of that warrant; efforts that were all made before the statute of limitations expired.[5] The arrest warrant was executed seven days after the statute of limitations expired. The trial court's reliance on these facts in its finding of effort by the state and in determining the reasonableness of the delay was proper.

The defendant directs us to *Swebilius* and *Woodtke* to support his claim that the evidence proffered in this case was insufficient. We are not persuaded and find the facts of those cases to be distinguishable.

In the present case, in contrast to those cases, evidence showing the state's efforts in expeditiously obtaining the arrest warrant and processing the execution of the warrant was before the trial court. Accordingly, the trial court properly could have relied on this evidence in its determination that the delay was reasonable. The stipulated facts show that the state prepared and signed the warrant and prepared a writ of habeas corpus, all before the statute of limitations expired. Specifically, on November 21, 2018, eight days before the statute of limitations was set to expire, the Office of the State's Attorney prepared the application for a writ of habeas corpus, requesting that the defendant be transported to the Superior Court on December 6, 2018, and, on November 27, 2018, a prosecutor and a clerk of the court signed the writ of habeas corpus. The fact that the defendant was not transported to the Superior Court and served with the warrant until after the expiration of the statute of limitations does not undermine the reasonable efforts of the state.

The trial court based its decision, in part, on the argument by the state that the nine day delay from the signing of the habeas writ to the transportation of the defendant was not unusual, as a matter of course, given the logistical, practical and safety precautions that must be taken whenever an incarcerated individual is transported from a correctional facility to a courthouse. We note that it is within the purview of the trial court to use its knowledge of the inner workings of the courts and the process by which incarcerated persons are transported to a court in its determination of the reasonableness of the state's efforts. See *State* v. *Abushaqra*, 164 Conn. App. 256, 264–65, 137 A.3d 861 (2016) ("[t]he appellate courts of this state consistently have recognized that the trial court has broad inherent authority to manage judicial proceedings in a variety of circumstances"); see also *State* v. *Swebilius*, supra, 325 Conn.

814–15 ("Indeed, in cases involving relatively brief delays, evidence of a legitimate need to prioritize competing public safety responsibilities may well be sufficient to demonstrate compliance with the dictates of *Crawford*. That fact sensitive determination, however, is a matter properly within the reasoned judgment of the fact finder." (Footnote omitted.)).

Here, the trial court properly considered the evidence before it and determined that the state made efforts to serve the arrest warrant before the relevant statute of limitations expired and that the delay in service was reasonable. We conclude that the trial court did not err in its determination.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The stipulated facts entered into evidence with the trial court indicate that the defendant had been incarcerated in the state of Connecticut since November 27, 2015.

[2] General Statutes § 54-193 (b) provides: "No person may be prosecuted for any offense, other than an offense set forth in subsection (a) of this section, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed."

[3] The defendant's plea of nolo contendere was entered pursuant to General Statutes § 54-94a, which provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such . . . motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[4] The applicable statute of limitations in that case was one year, pursuant to General Statutes (Rev. to 2005) § 54-193 (b). The arrest warrant in *Woodtke*, like the arrest warrant in the present case, was issued within the statute of limitations. See *State* v. *Woodtke*, supra, 130 Conn. App. 738.

[5] We further note and take judicial notice of the fact that, during the period between the receipt of the defendant's letter and the expiration of the statute of limitations, there were two state holidays whereby the court and the Office of the State's Attorney were closed. See *Moore* v. *Moore*, 173 Conn. 120, 123 n.1, 376 A.2d 1085 (1977) ("[t]here are two types of facts considered suitable for the taking of judicial notice: those which are common knowledge and those which are capable of accurate and ready demonstration" (internal quotation marks omitted)). Veterans Day was Monday, November 12, 2018, and Thanksgiving Day was Thursday, November 22, 2018. See, e.g., General Statutes § 1-4. Those dates, in conjunction with the six weekend days during this time, effectively gave the state a total of sixteen days to apply for and to execute the arrest warrant before the statute of limitations expired.