(111 P.3d 193)
No. 91,974

STATE OF KANSAS, *Appellant*, v. WILLIAM J. MCDOWELL, *Appellee*.

Opinion filed May 13, 2005.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellant.

*Sean Santoro*, of Bonner Springs, for appellee.

Before MCANANY, P.J., MALONE, J., and KNUDSON, S.J.

MALONE, J.: The State appeals the dismissal of drug charges against William J. McDowell based on the statute of limitations. In district court, McDowell had argued that the delay in executing the arrest warrant was unreasonable and, as a result, the prosecution of the charges was not timely commenced. We reverse.

The facts are simple and undisputed. On December 8, 2001, McDowell was detained and released by the Johnson County Sheriff's office for suspicion of possession of marijuana and possession

of drug paraphernalia. The complaint charging these crimes was filed on February 19, 2002. A warrant was issued for McDowell's arrest on February 20, 2002. The arrest warrant was executed on August 8, 2003.

On February 9, 2004, McDowell filed a motion to dismiss based upon the State's alleged failure to commence prosecution of the case within the applicable 2-year statute of limitations. On February 19, 2004, a hearing was held on the motion to dismiss. McDowell testified that he openly resided at the same residence from December 8, 2001, until the date the warrant was served. McDowell also worked continuously at the same business during this time period. The State knew both these addresses on December 8, 2001, but made no effort to serve the warrant on McDowell prior to August 8, 2003.

McDowell argued that the charges against him should be dismissed because of the unreasonable delay in executing the warrant and because more than 2 years had passed since he was detained and released on December 8, 2001. Without comment, the district court sustained McDowell's motion to dismiss. The State timely appeals.

The statute of limitations applicable to McDowell's charges is 2 years. K.S.A. 2004 Supp. 21-3106(8). The State argues it complied with the statute because the complaint was filed and the warrant was executed within 2 years of the date the alleged crimes were committed. McDowell argues that although the warrant was served within the 2-year statute of limitations, the prosecution was still time barred due to the unreasonable delay in executing the warrant.

The interpretation of a statute is a question of law, and the appellate court's review is unlimited. *State v. Engles*, 270 Kan. 530, 532-33, 17 P.3d 355 (2001). "As a general rule, statutes of limitation are favored by the law and are to be construed liberally in favor of the accused and against the prosecution." *State v. Bentley*, 239 Kan. 334, 336, 721 P.2d 227 (1986).

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the lan-

guage of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

"In construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The court must give effect to the legislature's intent even though words, phrases, or clauses at some place in the statute must be omitted or inserted." *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, Syl. ¶ 2, 69 P.3d 1087 (2003).

K.S.A. 2004 Supp. 21-3106(8) requires the prosecution of possession of marijuana and possession of drug paraphernalia to be *commenced* within 2 years after the crimes were committed. K.S.A. 2004 Supp. 21-3106(11) provides:

"A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay."

In *State v. Washington*, 12 Kan. App. 2d 634, 752 P.2d 1084, *rev. denied* 243 Kan. 781 (1988), the defendant was charged with two counts of forgery which has a 2-year statute of limitations. A complaint was filed and a warrant was issued on March 5, 1984. The warrant was not executed until September 21, 1986, when the defendant was arrested on another charge. The evidence indicated that the warrant officer initially attempted to serve the warrant after it was filed, but there were no other attempts to execute the warrant for 28 months. The district court found the delay in executing the warrant was unreasonable and dismissed the charges based on the statute of limitations. The Court of Appeals agreed that the delay in executing the warrant was unreasonable and stated that "if the delay in executing a warrant is unreasonable, such delay shall be included in computing the period within which a prosecution must be commenced." 12 Kan. App. 2d at 637. Because the warrant was not finally executed until after the statute of limitations

had expired, the court concluded that dismissal of the charges was proper. 12 Kan. App. 2d at 637.

Other Kansas cases have allowed criminal complaints to be dismissed based on the statute of limitations due to an unreasonable delay in executing the warrant. See *State v. Long*, 276 Kan. 297, Syl. ¶ 5, 75 P.3d 1217 (2003) (a 75-day delay was unreasonable when the sheriff's efforts to execute the warrant were limited to inputting the warrant in the National Crime Information Center computer without making any independent attempts to verify the defendant's address), and *State v. Dozal*, 31 Kan. App. 2d 344, Syl. ¶ 2, 65 P.3d 217 (2003) (a period of 84 days' time between the issuance of an arrest warrant and the service of the warrant was unreasonable when the defendant continued to live in the same dwelling and work in the same town as when the charged offense occurred).

In all the cases where charges have been dismissed due to an unreasonable delay in executing the warrant, the defendants were arrested *after* the applicable statute of limitations had expired. In each case, the court determined that because the delay in executing the warrant was unreasonable, the delay should be included in computing the period within which the prosecution was commenced. In other words, because the delay in executing the warrant was unreasonable, the timely filing of the complaint and issuance of the warrant did not suffice to toll the statue of limitations.

McDowell asserts that his case was properly dismissed even though the complaint was filed and the warrant was executed *before* the applicable statute of limitations had expired. McDowell argues that pursuant to K.S.A. 2004 Supp. 21-3106(11), a prosecution is not properly commenced and becomes time barred whenever there is an unreasonable delay in executing the warrant.

There are no cases supporting McDowell's interpretation of K.S.A. 2004 Supp. 21-3106(11). If McDowell's interpretation is correct, then the statute of limitations for all crimes would become a moving target in every case. The facts of every case would need to be examined by the court to determine if a delay in executing the warrant was unreasonable. If so found, the case would be dis-

missed regardless of how soon the defendant was brought to court to face the charge.

The State contends that an unreasonable delay in executing the warrant only becomes relevant if the warrant is not executed until after the date the statute of limitations has expired. In McDowell's case where the crimes were committed on December 8, 2001, the State claims the 2-year statute of limitations could expire no sooner than December 9, 2003 (time starts to run on the day after the offense is committed, K.S.A. 2004 Supp. 21-3106 [10]). Thus, even if there was an unreasonable delay in executing McDowell's warrant, the prosecution was still commenced within 2 years of the date the crimes were committed, and the statute of limitations did not expire.

The State's interpretation of K.S.A. 2004 Supp. 21-3106 is correct. The statute clearly provides for a time limitation which can be applied objectively from the date the alleged crime occurred. The prosecution of any case must be commenced within the applicable statute of limitations for the alleged crime. A prosecution is generally commenced when a complaint or information is filed, or an indictment is returned, and a warrant thereon is delivered to the sheriff or other officer for execution. However, if there is an unreasonable delay in executing the warrant, then the prosecution is not deemed commenced until the warrant is served on the defendant. If this date is beyond the applicable statute of limitations for the crime, then the prosecution is barred as untimely. If the warrant is executed within the applicable statute of limitations for the crime, however, then the prosecution is not time barred even though there may have been an unreasonable delay in executing the warrant.

Here, McDowell's alleged crimes were committed on December 8, 2001. A complaint was filed, and a warrant was served on McDowell on August 8, 2003. Even though there may have been an unreasonable delay in executing the warrant, the prosecution was commenced within the applicable 2-year statute of limitations. Accordingly, the district court erred in dismissing the complaint based upon the statute of limitations, and the case is remanded for further proceedings.

Reversed and remanded.