NOT DESIGNATED FOR PUBLICATION

No. 123,236

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

BOBBY WILLIAM CHAVEZ,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed December 23, 2021. Reversed.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellee.


Before GARDNER, P.J., SCHROEDER and CLINE, JJ.


PER CURIAM: The district court dismissed a driving under the influence (DUI) charge against Bobby William Chavez after finding the State unreasonably delayed executing Chavez' arrest warrant and that Chavez was prejudiced as a result. Because the warrant was executed within the statute of limitations, we reverse the district court's decision.

FACTS

Kansas Highway Patrol Trooper James McCord observed Chavez' car parked in a turnaround on Interstate 70 in Ellis County with the headlights on and engine running on September 16, 2017. Trooper McCord stopped to check on Chavez. After speaking with Chavez and observing Chavez' difficulty performing a field sobriety test, Officer McCord arrested Chavez on suspicion of DUI. At the Ellis County Law Enforcement Center, Chavez provided a breath sample, which revealed his ethyl alcohol level was 0.15 grams per 100 milliliters of blood.

The State did not charge Chavez for almost a year. During that time, Chavez attended Barton County Community College in Great Bend, but he began attending Kansas State University at some point in 2018. Chavez testified that while attending Kansas State, he returned to Great Bend and stayed at his family's home every weekend.

On August 21, 2018, the State charged Chavez with DUI, and the Ellis County District Court issued a summons for Chavez. Later that month, Barton County Sheriff's Department Reserve Deputy Dena Popp tried to serve the summons on Chavez at his family's home in Great Bend, which was his listed address. She was unable to do so because Chavez was not there. Since Deputy Popp was unable to locate Chavez, the Ellis County District Court issued a warrant for Chavez' arrest.

In 2019, Chavez interacted with a police officer in connection with an unrelated incident. The officer informed Chavez that he had a warrant out for his arrest, and Chavez turned himself in. Chavez posted a surety bond in Ellis County District Court on December 23, 2019.

The district court held an initial status hearing for Chavez' 2017 DUI case in March 2020. At the status hearing, Chavez conceded the State had brought the DUI

2

charge within the statute of limitations but argued there were "serious speedy trial issues" with his case. Chavez argued that based on the State's lengthy delay in executing the warrant, the State needed to show there was some reason for the delay, otherwise his speedy trial rights were violated, and service was improper. The district court asked both parties to submit briefs on the issue.

In his memorandum in support of his oral motion to dismiss, Chavez argued that *State v. Bennett*, 36 Kan. App. 2d 381, 138 P.3d 1284 (2006), a probation revocation case, provided the appropriate standard for determining whether the execution of a warrant was timely. Chavez claimed that, under the reasoning in *Bennett*, dismissal of his charges was appropriate because the State had failed to make reasonable efforts to serve him. Chavez argued that his whereabouts were easily ascertainable during that period, and the State failed to make reasonable efforts to execute the warrant.

The State responded by pointing out Chavez' arguments relied on standards applicable only to probation revocation proceedings. The State argued that the "reasonable time thereafter" requirement for probation revocations did not apply to a pretrial bench warrant like the one involved in this case. The State claimed that while a delay in the State's execution of a warrant in the context of probation revocations has a great potential to prejudice a defendant, no such risk of prejudice exists when the State delays executing a pretrial bench warrant. The State argued that any delay in Chavez' case was inconsequential because it did not prejudice Chavez and Chavez was served with the warrant within the statute of limitations. The State relied on *State v. Bailey*, No. 101,725, 2009 WL 5062439, at *2 (Kan. App. 2009) (unpublished opinion), which held that an unreasonable delay in service of a warrant will not justify dismissal so long as the warrant is served within the statute of limitations. Because, in Chavez' case, the complaint was filed and the warrant was executed within the statute of limitations, the State argued that dismissal was not justified, even if the State's delay were found to be unreasonable.

3

The district court held an evidentiary hearing over the circumstances surrounding the delay in service of the warrant. Deputy Popp testified that she tried to serve a court summons on Chavez at the address listed on the warrant, which she said was his family's home. When Deputy Popp tried to serve the summons on Chavez, she was told by someone at the home that Chavez was not living there and had moved to Manhattan to attend Kansas State University. Deputy Popp did not learn the name of the person whom she talked to or their relation to Chavez. After she was unable to serve the summons on Chavez, she returned it to the sheriff's office so it could be sent back to the district court, in accordance with typical policy. Deputy Popp did not make any other efforts to locate Chavez or contact Riley County officials about the summons.

Chavez testified that he tried to contact law enforcement after he learned about Deputy Popp's attempted service from his sister. According to Chavez, he first called 9-1-1, and after realizing that was not the appropriate route, he called the Barton County Sheriff's Department. Chavez said the sheriff's department told him they could not give him any information, but another deputy could return to attempt service again. Chavez stated that he also called the Ellis County Sheriff's Department, who told him to contact "Michael Schaeffer." Presumably, Chavez was referring to his attorney, Michael S. Holland, who is identified at certain points in the record as "Michael 'Shaf' Holland."

Chavez also testified that he went to the Great Bend Police Department office to try to pick up his summons but did not go to the Barton County Sheriff's Department office. He explained that he was unaware that the sheriff's office was the correct location to pick up his summons in person, and he assumed someone at the police office could point him in the right direction. He said he talked to Officer Alex Lomens, who told him the police office "had nothing on file."

Chavez testified that he was studying to become an elementary teacher. He believed it would be harder for him to find a job if he had to tell potential employers that

4

he may be later convicted of a DUI. The district court pointed out to Chavez that he had to show prejudice in terms of his ability to put on a defense, and that prejudice to Chavez' future employment was not legally cognizable. In response, Chavez argued that along with the prejudice to his employment, he was also "legally prejudiced" in that his case could not proceed because of the cessation of jury trials and suspension of statutory speedy trial rights because of COVID-19. Chavez noted that his case was three years old at that point, and it was unclear how long he would have to wait for resolution, due to COVID-19 and the resultant backlog of jury trials.

Ultimately, the district court granted Chavez' motion to dismiss, finding the State did not make reasonable efforts to serve the warrant and Chavez suffered prejudice as a result. The district court found there was "too long [of] a delay" and that, because of the State's unreasonable delay and COVID-19, Chavez' "constitutional right to [a] speedy trial would be affected . . . ." As for its finding that the State did not make reasonable efforts to serve Chavez, the district court explained that although the deputy had followed typical department procedure, "the State really didn't make much effort to get this served" and did not follow up after the initial attempt to serve Chavez at his family's home. The district court found that Chavez, on the other hand, had made reasonable efforts to try to figure out the status of his case, as he had called his lawyer, called 9-1-1, and made inquiries with the police. The district court noted that Chavez was 19 years old at the time, and although his actions may have been naïve, they were not unreasonable. The district court refused to make a finding of prejudice on Chavez' claims that the delay in prosecution made it harder for him to secure postgraduation employment, as it was unsure that this sort of "personal" prejudice was legally cognizable.

ANALYSIS

On appeal, the State claims the district court should have denied Chavez' motion to dismiss because the State's prosecution of Chavez was commenced within the statute of

5

limitations. Chavez first argues the State is precluded from raising this argument on appeal because he claims the State invited the error by explicitly acknowledging to the district court that there was no applicable statute of limitations. Chavez also alleges the State did not raise this issue before the district court so it cannot raise the issue for the first time on appeal. But Chavez misquotes the State's arguments, as the record reflects the State consistently argued before the district court that dismissal was not justified because the complaint had been filed and the warrant had been executed within the applicable statute of limitations. As a result, we find the State preserved this issue and did not invite any error.

When reviewing a district court's ruling on a motion to dismiss criminal charges, the applicable standard of review is determined by the basis on which dismissal was sought. Review of a district court's denial of a motion to dismiss on a strictly legal ground is unlimited. *State v. Garcia*, 282 Kan. 252, 260, 144 P.3d 684 (2006).

Under Kansas law, a prosecution for DUI is timely if it is commenced within five years after the DUI is committed. K.S.A. 2020 Supp. 21-5107(d). The commencement of a prosecution is defined by K.S.A. 2020 Supp. 21-5107(g):

> "A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay."

Thus, an unreasonable delay by the State in executing an arrest warrant would only support dismissal if the warrant was executed outside the applicable statute of limitations. If there is an unreasonable delay in executing the warrant, then the prosecution is considered to not have been commenced until the warrant is served on the defendant. If this date is beyond the applicable statute of limitations for the crime, then the prosecution would be barred as untimely. If the warrant was executed within the

applicable statute of limitations for the crime, however, the prosecution is not time barred even though there may have been an unreasonable delay in executing the warrant. See *State v. McDowell*, 33 Kan. App. 2d 889, 893, 111 P.3d 193 (2005).

As this court explained in *McDowell*, if a warrant being executed after an unreasonable delay could support dismissal even if it were executed within the statute of limitations, the statute of limitations would become a moving target in every case. The facts of each case would need to be examined by the court to determine whether a delay in executing the warrant was unreasonable. If so found, the case would be dismissed no matter how soon the defendant was brought to court to face the charge. 33 Kan. App. 2d at 892-93.

While the statutes of limitations provide the primary protection a defendant has against preindictment prosecutorial delay, due process provides limited additional protections. Even if the State begins prosecution within the statute of limitations, a district court may still dismiss the charges if a delay in prosecution violated the defendant's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. Yet the Due Process Clause does not permit a court to dismiss a criminal prosecution at its own discretion. "Judges are not free, in defining 'due process,' to impose on law enforcement officials our 'personal and private notions' of fairness and to 'disregard the limits that bind judges in their judicial function.' [Citations omitted.]" *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977).

To prosecute a defendant following investigative delay does not deprive the defendant of due process, even if the defense might have been somewhat prejudiced by the lapse of time. *Lovasco*, 431 U.S. at 796. A showing of prejudice, while necessary to support a due process claim, is not sufficient, and the reasons for the delay must also be considered. 431 U.S. at 790. For the State's delay in bringing charges to violate due process, the government must have delayed prosecution solely to gain tactical advantage

7

over the accused. 431 U.S. at 795. Thus, to grant a defendant's motion to dismiss on due process grounds a district court must find both: (1) that the delay prejudiced his or her ability to defend against the charges and (2) that the delay was a tactical device by the State to gain advantage over the defendant. *State v. Crume*, 271 Kan. 87, 91, 22 P.3d 1057 (2001). The district court made neither of these findings, nor does Chavez argue these points on appeal.

Here, the district court granted Chavez' motion to dismiss because it found the State did not make reasonable efforts to serve the warrant and that Chavez suffered prejudice as a result. The district court found the State's delay in service was unreasonable because the State made insufficient efforts to serve the warrant after the initial attempt failed. And the district court found Chavez was prejudiced because, as a result of the State's unreasonable delay and COVID-19, Chavez' constitutional right to a speedy trial would be affected.

It appears the district court mistakenly applied the reasoning from *Bennett*, 36 Kan. App. 2d 381, in reaching its decision. Chavez relied on *Bennett* in his memorandum in support of his oral motion to dismiss to argue that dismissal was appropriate if the State unreasonably delayed executing the arrest warrant. But as the State correctly points out, *Bennett* involved a probation revocation proceeding and due process rules specific to such proceedings. Because Chavez challenged the State's execution of a pretrial bench warrant, not an arrest warrant premised on a probation violation, *Bennett* does not apply.

The State argues the district court should have applied the standard laid out by this court in *McDowell*, and that, under *McDowell*, the district court's ruling was erroneous. Citing *McDowell*, the State argues that "[w]hile an unreasonable delay prevents a prosecution from being deemed commenced, dismissal of the charges is not appropriate unless the delay extends the commencement of the prosecution beyond the statute of limitations." Here, the complaint was filed and the warrant for Chavez' arrest was

8

executed within five years of the date Chavez committed the alleged DUI. Thus, Chavez' prosecution began within the statute of limitations. Therefore, the State argues, even if the delay here was deemed unreasonable, dismissal was inappropriate.

We agree with the State. An unreasonable delay in executing a warrant affects only when the prosecution is considered commenced. So even if the district court found the delay in executing the warrant was unreasonable, the only effect of that finding would be to have the prosecution considered commenced on the day the warrant was executed. See K.S.A. 2020 Supp. 21-5107(g). Although the record does not show the date the State executed the warrant here, it was within the statute of limitations, which in this case would not expire until 2022. Because Chavez' prosecution began within the statute of limitations, his case could not be dismissed based on this unreasonable delay. And since *Bennett* does not apply, we need not address the district court's improper prejudice analysis.

Chavez concedes he was not prosecuted outside the statute of limitations, nor were his speedy trial rights violated. The district court erred in dismissing the DUI charge against him.

Reversed.